# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DANA LYNETTE DAVIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. CIV-18-401-RAW-SPS |
| | ) |
| **COMMISSIONER of the Social** | ) |
| **Security Administration,** | ) |
| | ) |
| **Defendant.** | ) |

## REPORT AND RECOMMENDATION

The claimant Dana Lynette Davis requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id*. § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight."

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

### Claimant's Background

The claimant was thirty-seven years old at the time of the administrative hearing (Tr. 35-39). She completed high school, and has no past work performed at the sedentary, unskilled level with occasional contact with the general public (Tr. 68, 271). The claimant alleges that she was unable to work from April 8, 2016, due to, *inter alia*, multiple sclerosis, double vision, partial hearing loss, cognitive thinking problems, memory and balance problems, and numbness (Tr. 269-271).

### Procedural History

On April 11, 2016, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ Larry D. Shepherd conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated October 24, 2017 (Tr. 15-29). The Appeals Council denied review, so the ALJ's opinion represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

### Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. At step two, the ALJ found that the claimant had the severe impairments of multiple sclerosis, osteoarthritis of the right knee, degenerative disc disease, hypertension, vertigo, vision

disorder, neurocognitive disorder (secondary to multiple sclerosis), and depression (secondary to multiple sclerosis) (Tr. 18). At step four, he then found that the claimant had the residual functional capacity ("RFC") to perform a range of sedentary work, *i. e.*, she could lift/carry ten pounds occasionally and frequently, sit for six hours in an eight-hour workday, and stand for up to two hours in an eight-hour workday. Additionally, he found that the claimant could occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl; never climb ladders/ropes/scaffolds; and frequently handle and finger. Furthermore, he found she should avoid concentrated exposure to hazards, such as unprotected heights and heavy machinery. Finally, he found the claimant can understand, remember, and carry out simple, routine, and repetitive tasks, as well as relate to supervisors and co-workers on a superficial work basis, have occasional contact with the general public, and adapt to a work environment (Tr. 23). The ALJ then concluded at step five that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was work that she could perform, *e. g.*, addresser, tube operator, and document preparer (Tr. 27-29).

## Review

The claimant's sole contention of error is that the ALJ failed to identify jobs she could perform in light of the assigned RFC. Because this contention lacks merit, the decision of the Commissioner should be affirmed.

At the administrative hearing, the ALJ elicited testimony from a vocational expert ("VE") to determine if there were other jobs the claimant could perform with the RFC outlined above, specifically including the limitation to "simple, routine, repetitive tasks"

(Tr. 68-69). The VE indicated that the claimant could not perform any of her past work but identified three sedentary jobs such a person could perform: (i) addresser, DICOT § 209.587-010; (ii) tube operator, DICOT § 239.687-014; and (iii) document preparer, DICOT § 249.587-018 (Tr. 69). The VE further indicated that the information provided was not in conflict with the Dictionary of Occupational Titles ("DOT") (Tr. 69).

As relevant to this appeal, the ALJ in his written decision adopted the VE's testimony that the claimant could perform the light jobs of addresser, tube operator, and document preparer (Tr. 29). Furthermore, the ALJ specifically found that the VE's "testimony [wa]s consistent with the information contained in the [DOT]" (Tr. 29). The claimant asserts that the ALJ erred in identifying jobs she could perform, because there was a conflict between the information provided and the Dictionary of Occupational Titles ("DOT").

Under Social Security Ruling 00-4p, "When vocational evidence provided by a VE or VS is not consistent with information in the DOT, the [ALJ] must resolve this conflict before relying on the VE or VS evidence to support a determination or decision that the individual is or is not disabled. The [ALJ] will explain in the determination or decision how he or she resolved the conflict. The [ALJ] must explain the resolution of the conflict *irrespective of how the conflict was identified*." 2000 WL 1898704, at *4 (Dec. 4, 2000) [emphasis added]. Although the VE did not identify any conflict between her testimony and the DOT, the claimant contends there is a conflict with regard to the reasoning levels of each of the jobs identified. *See Haddock v. Apfel*, 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between

-5-

the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability.").

First, the job of document preparer has a reasoning level of 3, *see* DICOT § 249.587-018.  A reasoning level of 3 is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form. Deal with problems involving several concrete variables in or from standardized situations."  *See* DICOT § 209.687-026.  The reasoning levels for jobs in the DOT best identify the level of simplicity (or, conversely, complexity) associated with the job.  *See Cooper v. Barnhart,* 2004 WL 2381515, at *4 (N.D. Okla. Oct. 15, 2004) ("The reasoning level, as identified by Plaintiff, appears more similar to whether or not a claimant has a limitation to performing only simple tasks.") [citations omitted].  As to this job, the Court agrees that there is a conflict here which the ALJ failed to identify because level three reasoning is inconsistent with a limitation to simple, routine, and repetitive tasks.  *Hackett v. Barnhart,* 395 F.3d 1168, 1176 (10th Cir. 2005) (holding that a limitation to "simple and routine work tasks" is "inconsistent with the demands of level-three reasoning.").

The remaining two jobs, addresser and tube operator, have reasoning levels of 2. *See* DICOT §§ 209.587-010, 239.687-014.  A reasoning level of two requires a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations."  *See* DICOT §§ 209.587-010, 239.687-014.  The claimant asserts that this reasoning level is likewise incompatible with simple work.  The Court agrees with the Commissioner, however, that a reasoning level of two *is consistent* with performing

-6-

simple tasks, although a reasoning level of three is not, and that other courts have reached the same conclusion. *See Hackett*, 395 F.3d at 1176 ("This level-two reasoning appears more consistent with Plaintiff's RFC [limiting her to simple and routine work tasks.]"); *Stokes v. Astrue*, 274 Fed. Appx. 675, 684 (10th Cir. 2008) ("Ms. Stokes' second argument is that the ALJ's limitation to simple, repetitive and routine work should be construed as a limitation to jobs with a reasoning-level rating of one. We disagree."). *See also Couch v. Berryhill*, 2017 WL 1194344, at *4 (E.D. Okla. March 13, 2017) ("In accordance with the court's findings in *Hackett*, a restriction to simple work is consistent with this reasoning level [of 2]."); *Goleman v. Colvin*, 2016 WL 3556958, at *4 (W.D. Okla. May 6, 2016) (where RFC limited claimant to "simple, routine, repetitive instructions[,] [t]he ALJ properly relied on the jobs identified by the VE with a reasoning level of two.").

The Court thus finds that the identification of the document preparer job is harmless error, because there are still jobs that have been identified that do not pose a conflict. *See Stokes v. Astrue,* 274 Fed. Appx. 675, 684 (10th Cir. 2008) (finding that any error on whether claimant could perform jobs was harmless error since there were still two jobs claimant could perform). Accordingly, the decision of the ALJ should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct. The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 3rd day of March, 2020.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**